IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE AVILA, | No. C 07-0143 MJJ (PR) |
| Plaintiff, | **ORDER OF SERVICE;** |
| v. | **DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| JEANNE WOODFORD, et al., | |
| Defendants. | |
| _____ | (Docket No. 9) |

Plaintiff, a California parolee,[1] filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant, the director of the California Department of Corrections and Rehabilitation, has not implemented adequate safeguards to protect him from the violence of gang members when he reports to his parole agent. Plaintiff has also applied for leave to proceed in forma pauperis.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

---

[1] At the time he filed the complaint, he was still incarcerated at San Quentin State Prison, but has since been released on parole.

N:\MJJ\HC Orders\avila.srv.wpd

1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he was formerly a member of the "Nuestra Raza" gang.  While incarcerated, he dropped out of the gang and provided information and testimony about active gang members that resulted in their convictions.  Members of that gang have placed a contract to kill the plaintiff due to his cooperation with state and local officials in the prosecution of gang members.  According to plaintiff, while on parole he is required to report to his parole agent's office on a regular basis, or else return to custody for violating the terms of his parole.  Plaintiff alleges that "Nuestra Raza" gang members could be present when plaintiff reports to such offices, where they would pose a serious threat to his safety.  Plaintiff complains that officials of the CDCR, including defendant Woodford, have failed to impose any safeguards to protect him from exposure to such gang members when he reports for parole.  Plaintiff seeks to have such safeguards implemented.

Liberally construed, plaintiff's allegations state a cognizable claim for the violation of his Eighth Amendment rights.  Cf. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (holding Eighth Amendment requires prison officials take reasonable measures to guarantee safety of prisoners, in particular to protect prisoners from violence by other prisoners).

## CONCLUSION

In order to expedite the resolution of this case, the Court orders as follows:

1.    The September 26, 2006 Judgment and Order Denying Petition for a Writ of Habeas Corpus, filed and entered in this matter, are hereby VACATED, and this matter is REOPENED.[2]

---

[2] The September 26, 2006 Order and Judgment pertain to a different case (No. 06-3385 MJJ (PR)), but because the Order and Judgment erroneously indicated the number of the present case, they were filed and entered herein.

N:\MJJ\HC Orders\avila.srv.wpd                                2

2. Plaintiff's due process claim and his claim for the denial of his administrative grievances are DISMISSED, as explained above. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

    a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003):

> If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.
> You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.
> If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Any motion for an extension of time must be accompanied by a showing of good cause for the extension requested, and must be filed no later than the deadline sought to be extended.

10. In light of plaintiff's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates docket number 9.

IT IS SO ORDERED.

DATED: 7/25/2007

_____
MARTIN J. JENKINS
United States District Judge

United States District Court

N:\MJJ\HC Orders\avila.srv.wpd

5