1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 DAVID S. CHANEY
Chief Assistant Attorney General
3 FRANCES T. GRUNDER
Senior Assistant Attorney General
4 THOMAS S. PATTERSON
Supervising Deputy Attorney General
5 TRACE O. MAIORINO, State Bar No. 179749
Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
7   Telephone: (415) 703-5975
  Fax: (415) 703-5843
8   Email: Trace.Maiorino@doj.ca.gov

9 Attorneys for Defendant J. Woodford

10

11 IN THE UNITED STATES DISTRICT COURT

12 FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 SAN FRANCISCO DIVISION

14

15 **JESSE AVILA,**

C 07-0143 CW (PR)

16 Plaintiff,

**DEFENDANT'S NOTICE OF
MOTION AND MOTION TO
DISMISS**

17 v.

18 **JEANNE WOODFORD, et al.,**

19 Defendants.

20     TO PLAINTIFF JESSE AVILA, PRO SE:

21     PLEASE TAKE NOTICE that Defendant J. Woodford hereby moves this Court to dismiss

22 Plaintiff Jesse Avila's complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's

23 complaint fails to allege facts that show Defendant was deliberately indifferent to Plaintiff's

24 safety.

25                   **INTRODUCTION**

26     Plaintiff has filed this lawsuit under 42 U.S.C. § 1983 alleging Defendant was deliberately

27 indifferent to his safety simply because he may be required to report to a parole office where

28 former gang members may be present and want to hurt him. Although he cites no specific parole

Def.'s Not. Mot. & Mot. Dismiss

*J. Avila v. J. Woodford, et al.*
C 07-0143 CW (PR)

1    terms or incidents where he observed his former gang members at the parole office, Plaintiff

2    contends that because he may have contact with them, his constitutional rights have been

3    violated. Despite Plaintiff's vague allegations, he has failed to allege how Defendant was aware

4    that Plaintiff was at risk of danger or how Defendant disregarded the risk to Plaintiff's detriment.

5    Even if the Court were to determine that Plaintiff had stated a claim against Defendant,

6    Defendant is entitled to qualified immunity because she would not have known that her actions

7    were unlawful.

8                                    **STATEMENT OF THE ISSUES**

9        1.    To state a claim for a constitutional violation, a plaintiff must set forth facts connecting

10   each defendant to the loss the plaintiff claims to have suffered. May Plaintiff hold Defendant

11   liable for claims of deliberate indifference to safety without showing that she acted personally

12   against him?

13                        **MEMORANDUM OF POINTS AND AUTHORITIES**

14                                    **STATEMENT OF THE CASE**

15       On January 9, 2007, Plaintiff, a California state prisoner, filed his unverified complaint, pro

16   se under 42 U.S.C. § 1983 against prison officials at California State Prison - San Quentin (San

17   Quentin) and against officials at the California Department of Corrections and Rehabilitation

18   (CDCR). In his complaint, Plaintiff alleges that his rights under the Eighth Amendment were

19   violated because Defendant was deliberately indifferent to his safety by not taking measures to

20   guarantee his safety. (Compl.) On July 25, 2007, the Court allowed Plaintiff to proceed with a §

21   1983 claim for deliberate indifference to safety and ordered service on Defendant Woodford.

22   (Order of Service at 2.) At this point, only Defendant Woodford, the retired Secretary of CDCR,

23   has been served. The Court directed Defendant to file a dispositive motion no later than May 30,

24   2008. (Order.)

25                                    **STATEMENT OF FACTS**

26       Plaintiff is a former gang member of the Nuestra Raza gang. (Compl. at 5.) Plaintiff

27   contends that after he dropped out of the gang, he provided information and testimony to the

28   authorities about crimes his former gang committed. (*Id.*) Plaintiff alleges that this resulted in

Def.'s Not. Mot. & Mot. Dismiss                                        *J. Avila v. J. Woodford, et al.*
                                                                        C 07-0143 CW (PR)

1   the conviction of several of his former gang members. (*Id.*)  Plaintiff claims that because of this

2   active gang members want to harm him. (*Id.* at 2.)   Plaintiff contends that as a condition of his

3   parole, he will be forced to report to his parole agent's office, where he alleges active gang

4   members may be present. (*Id.* at 6.)  Plaintiff fears that if he comes into contact with former

5   gang members at his parole agent's office, they will take this opportunity to injure him because

6   he debriefed and provided information about his former gang to the authorities. (*Id.* at 5, 6.)

7   Plaintiff alleges that Defendant has offered no form of protection from active gang members that

8   "could" be at the parole agent's office. (Compl. at 6.)  Nowhere in his complaint does Plaintiff

9   allege that Defendant Woodford knew of his fear that if he were to come into contact with former

10  gang members, he would be injured. (Compl.)  Further, Plaintiff does not allege how Defendant

11  Woodford disregarded this potential risk, if in fact he made it known to her. (*Id.*)

13                                    **ARGUMENT**

14  **I.   Plaintiff's Complaint Against Defendant Is Properly Dismissed Because He Has
        Failed to Show That She Was Deliberately Indifferent to Plaintiff's Safety.**

15      **A.   Dismissal Is Proper Because Plaintiff Has Failed Allege How Defendant
             Personally Deprived Him of His Constitutional Rights.**

17      Defendant is properly dismissed from this action because Plaintiff has failed to alleged

18  specific actions by Defendant that were deliberately indifferent to his safety and deprived him of

19  his constitutional protections.  The standard used to evaluate a motion to dismiss is a liberal one,

20  particularly when the action has been filed pro se. *Estelle v. Gamble*, 429 U.S. 97 (1976).

21  However, a liberal interpretation of a civil rights complaint may not supply essential elements of

22  the claim that were not initially pled. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

23  268 (9th Cir. 1982).  Vague and conclusory allegations of official participation in civil-rights

24  violations are insufficient to withstand a motion to dismiss. *Id.*  A plaintiff's obligation to

25  provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

26  formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v.

27  Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2006).  Factual allegations must be enough to

28  raise a right to relief above the speculative level. *Id.*  Because Plaintiff has alleged nothing more

Def.'s Not. Mot. & Mot. Dismiss                                    *J. Avila v. J. Woodford, et al.*
                                                                    C 07-0143 CW (PR)

1 than vague allegations against Defendant that do not arise above mere speculation, she should be

2 dismissed.

3    Plaintiff has failed to allege a causal connection between Defendant and his allegation of

4 deliberate indifference to his safety. To state a § 1983 claim, the plaintiff must allege facts

5 showing that a person acting under color of state law deprived the plaintiff of a right, privilege,

6 or immunity secured by the Constitution. *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 624

7 (9th Cir. 1988). A person subjects another to the deprivation of a constitutional right if he does

8 an affirmative act, participates in another's affirmative act, or omits to perform an act that he is

9 legally required to do and causes the deprivation of which the complaint is made. *Johnson v.*

10 *Duffy,* 588 F.2d 740, 743 (9th Cir. 1978). Thus, to state a claim under § 1983, Plaintiff must

11 allege that each defendant committed some act, or failed to act in some way, that caused

12 Plaintiff's alleged injury. *See Williams v. Bennett,* 689 F.2d 1370, 1384 (11th Cir. 1982). The

13 inquiry into causation must be individualized and focus on the duties and responsibilities of each

14 individual defendant whose acts or omissions are alleged to have caused a constitutional

15 deprivation. *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988). A plaintiff must establish the

16 personal involvement of each defendant in the alleged constitutional deprivation or a "causal

17 connection" between each defendant's wrongful conduct and the deprivation. *Hansen v. Black,*

18 885 F. 2d 642, 646 (9th Cir. 1978). Plaintiff has failed to show how Defendant was personally

19 involved in his alleged deprivation.

20    Similarly, Plaintiff has failed to show how Defendant was deliberately indifferent to his

21 safety. In his complaint, Plaintiff failed to state any factual basis for his allegations against

22 Defendant. (Compl.) Instead, he makes vague and conclusory allegations against her, all based

23 on the employment position she held at the time of the alleged events. (*Id.* at 3, 4, 6, 7.)

24 Nowhere does he state how Defendant was aware of a known risk and disregarded that risk to his

25 detriment. In *Ivey,* plaintiff alleged that defendants had acted illegally by providing large

26 amounts of money to the university and that this led to the university becoming racially

27 segregated as a result. *Ivey,* 673 F. 2d at 268. The court found that plaintiff's allegations were

28 not supported by a direct reference to any specific actions, practices, or policies of defendants.

1  *Id.* The court dismissed the complaint for failure to state a claim because there was no

2  connection between the defendants and the alleged discrimination. *Id.* Similarly, Plaintiff's

3  allegations are not supported by an direct reference to any specific actions, practices, or policies

4  of Defendant, that may sustain his claim against her. More is required and cannot establish

5  liability or withstand a motion to dismiss.

6  **B.  Plaintiff May Not Hold Defendant Liable under a Theory of Vicarious**
   **Liability.**

7

8  Defendants whose personal involvement is not alleged cannot be held liable for the acts of

9  their subordinates under a theory of respondeat superior or vicarious liability. *Milton v. Nelson*,

10  527 F.2d 1158, 1159 (9th Cir. 1976). Vicarious liability on the part of a supervisory official is

11  not recognized as a basis for liability under the Civil Rights Act. *Palmer v. Sanderson*, 9 F.3d

12  1433, 1438 (9th Cir. 1993). A supervisor is liable only when he or she has directly participated

13  in or proximately caused the alleged deprivation. *Id.* at 1437-38. The law is clear that liability of

14  supervisory personnel must be based on more than merely the right to control others. *Monell v.*

15  *Dep't of Soc. Servs.*, 436 U.S. 658, 694, n. 58 (1978). Because Plaintiff's allegations are based

16  on the position she held, and not her personal acts, she is properly dismissed.

17

18  **II.  Defendant is Entitled to Qualified Immunity Because No Reasonable Officer**
    **Would Have Known that Plaintiff's Constitutional Rights Had Been Violated.**

19

20  Qualified immunity shields an official from civil-damages liability unless his conduct

21  violated clearly established law, of which a reasonable official would have known. *Harlow v.*

22  *Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, it gives officials "ample room for mistaken

23  judgments by protecting all but the plainly incompetent or those who knowingly violate the law."

24  *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotes and citation omitted).

25  Constitutional requirements are not always clear-cut at the time that action is required by

26  officials. *Saucier v. Katz*, 533 U.S. 194, 205–06 (2001). But qualified immunity ensures that

27  officials are on notice that their conduct is unlawful before they are subjected to suit. *Id.* It

28  therefore prevents officials from being distracted from their governmental duties or inhibited

1 | from taking necessary discretionary action. *Harlow*, 457 U.S. at 816. It also prevents

2 | "deterrence of able people from public service." *Id.*   And in reference to prisons, it allows

3 | officials to utilize their expertise—based on years of observation and practice—to maintain order

4 | without fear of liability for doing what seemed "reasonable" at the time. *See Jeffers v. Gomez*,

5 | 267 F.3d 895, 917 (9th Cir. 2001).

6 |   In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a particular sequence

7 | of questions to be considered in determining whether qualified immunity exists. A court must

8 | first consider this threshold question: "Taken in the light most favorable to the party asserting the

9 | injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201.

10 | If no constitutional right was violated, the inquiry ends and defendants prevail. *Id.* at 204. If,

11 | however, "a violation could be made out on a favorable view of the parties' submissions, the

12 | next, sequential step is to ask whether the right was clearly established." *Id.* at 201-02. "The

13 | contours of the right must be sufficiently clear that a reasonable official would understand that

14 | what he is doing violates that right." *Id.* The Supreme Court also held that the goal of qualified

15 | immunity would be undermined if a court denied summary judgment each time a material issue

16 | of fact remains on a claim. *Saucier*, 533 U.S. at 202.

17 |   As detailed above, the evidence does not show that Defendant violated Plaintiff's

18 | constitutional rights. However, if the Court were to find such a violation, Defendant would still

19 | be entitled to qualified immunity. Defendant would not have known that a constitutional

20 | violation would result by simply requiring Plaintiff to report to his parole officer, as so many

21 | other parolees are required to do. Moreover, at the time of Plaintiff's allegations, he was

22 | incarcerated, not on parole, and could cite no specific parole terms that may subject him to

23 | danger. Thus, a reasonable officer could believe that Defendant was not violating Plaintiff's

24 | constitutional rights. Accordingly, Defendant is entitled to qualified immunity.

25 | ///
26 | ///
27 | ///
28 | ///

Def.'s Not. Mot. & Mot. Dismiss

*J. Avila v. J. Woodford, et al.*
C 07-0143 CW (PR)

1

## CONCLUSION

2        For the reasons stated above, Plaintiff has failed to show that Defendant personally deprived

3   him of his constitutional rights.  Accordingly, his complaint against Defendant should be

4   dismissed.

5

6            Dated: May 28, 2008

7                                    Respectfully submitted,

8                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

9                                    DAVID S. CHANEY
                                     Chief Assistant Attorney General

10                                   FRANCES T. GRUNDER
                                     Senior Assistant Attorney General

11                                   THOMAS S. PATTERSON
                                     Supervising Deputy Attorney General

12

13

14

15                                   TRACE O. MAIORINO
                                     Deputy Attorney General
16                                   Attorneys for Defendant J. Woodford

17   40243632.wpd

18

19

20

21

22

23

24

25

26

27

28